**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4171**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD JAIMAAL PRICE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:16-cr-00006-JLK-1)

Submitted: January 18, 2018                    Decided: February 9, 2018

Before GREGORY, Chief Judge, and TRAXLER and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph A. Sanzone, SANZONE & BAKER, PC, Lynchburg, Virginia, for Appellant. Rick A. Mountcastle, Acting United States Attorney, Thomas E. Duncombe, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After the district court denied Edward Jaimaal Price's motion to suppress drug evidence, he entered a conditional guilty plea—pursuant to a written plea agreement—to possession with intent to distribute 28 grams or more of cocaine base, a violation of 21 U.S.C. § 841(a)(1) (2012). Price now appeals the district court's order denying his motion to suppress. For the reasons that follow, we affirm the judgment of the district court.

"When a district court has denied a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error[,] . . . view[ing] the evidence in the light most favorable to the government." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (citation omitted). "We owe particular deference to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Patiutka*, 804 F.3d 684, 689 (4th Cir. 2015) (brackets and internal quotation marks omitted).

Price first contends that the arresting officers violated his Fourth Amendment rights by seizing him at gunpoint without probable cause because there was insufficient evidence demonstrating that he was the fugitive the officers thought he was. A vehicle stop constitutes a seizure within the meaning of the Fourth Amendment, *Whren v. United States*, 517 U.S. 806, 809 (1996), and is permissible if the officer has "probable cause to believe that a traffic violation has occurred," *id.* at 810, regardless of the officer's subjective motivations, *id.* at 813-19. "[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle

2

without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977). Furthermore, we have acknowledged that "drawing weapons, handcuffing a suspect, . . . or using or threatening to use force does not necessarily elevate a lawful stop into a custodial arrest," particularly if the "officers reasonably suspect[ ] that [the detainee is] armed and dangerous." *United States v. Elston*, 479 F.3d 314, 320 (4th Cir. 2007) (internal quotation marks omitted). Similarly, officers may lawfully frisk a person during a traffic stop if they "harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). "In determining whether such reasonable suspicion exists, we examine the totality of the circumstances to determine if the officer[s] had a particularized and objective basis for believing that the detained suspect might be armed and dangerous." *United States v. George*, 732 F.3d 296, 299 (4th Cir. 2013) (internal quotation marks omitted). In particular, "[a] suspect's suspicious movements [may] . . . be taken to suggest that the suspect may have a weapon." *Id.*

The district court found credible one officer's uncontested testimony that Price was driving with an expired temporary license plate and, therefore, did not err in concluding that the officers lawfully stopped Price regardless of their subjective belief that he was the fugitive. The district court also found credible both officers' testimony that, when they approached Price's vehicle, Price was moving suspiciously, as if he were reaching under his seat, and that he did not comply with their orders to keep his hands up. The court, therefore, did not err in finding that the officers reasonably suspected Price of

3

being armed and dangerous and, therefore, that they lawfully removed Price from his vehicle, handcuffed him, and frisked him for weapons.

Price further contends that the district court erred in finding that the officers searched him pursuant to his valid arrest for possession of marijuana, asserting that the officer who searched him did not testify that he smelled marijuana and that the officers found no marijuana. A warrantless arrest is valid so long as "there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "We have repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place." *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004). "Thus, if an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana." *Id*. at 659.

The district court found credible one officer's testimony that, upon opening Price's car, he recognized the strong smell of marijuana and that the smell was even stronger on Price's person. A third officer, who arrived at the scene later, corroborated that testimony. Furthermore, despite Price's assertion otherwise on appeal, the presentence report—to which Price did not object—indicated that the officers found a small bag of marijuana in his pants pocket. Accordingly, in the absence of evidence that the searching officer did not smell the marijuana, it was reasonable for the district court to conclude that both arresting officers noticed the smell and that they were both therefore aware of facts that provided probable cause to arrest Price for the possession of marijuana.

4

The Supreme Court has long held that, upon a lawful warrantless arrest, the officers may conduct a full search of an arrestee's person and personal items in his possession and control without any additional justification. *United States v. Robinson*, 414 U.S. 218, 234-35 (1973). Having concluded that the officers had probable cause to arrest Price for marijuana possession, the district court did not err in concluding that the search of Price's person was a valid search pursuant to that arrest.

Insofar as the district court denied Price's motion to suppress because the search that led to the drug evidence was pursuant to a valid arrest, it did not err. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*